**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30035 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00066-LK-1 |
| v. | |
| KENDALL ALSTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted July 10, 2024
Submission Vacated July 19, 2024
Resubmitted June 16, 2025

Filed June 16, 2025
Seattle, Washington

Before: McKEOWN, CLIFTON, and BRESS, Circuit Judges.

Kendall Alston appeals from his convictions for possession of a firearm as a

felon, 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug-

trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291. Submission of this case was vacated on July 19, 2024, pending resolution of the en banc proceedings in *United States v. Duarte*, 2025 WL 1352411 (9th Cir. May 9, 2025). We affirm.

Alston's argument that the district court erred by failing to instruct the jury on the meaning of "in furtherance of" is foreclosed by circuit precedent. *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007). The updates to Ninth Circuit Model Instruction 14.23 do not affect that conclusion, as model instructions "are not authoritative legal pronouncements." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 983 (9th Cir. 2020).

Alston's challenge to § 922(g)(1) is likewise unavailing. He concedes that *United States v. Vongxay*, 594 F.3d 1111, 1114–15 (9th Cir. 2010), precludes his argument, contending only that *Vongxay* was abrogated by *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We recently held in *Duarte* that the U.S. Supreme Court's decisions in *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024), "support *Vongxay*'s holding that § 922(g)(1) constitutionally prohibits the possession of firearms by felons." *Duarte*, 2025 WL 1352411 at *5. And we upheld § 922(g)(1)'s constitutionality under the Second Amendment as applied to non-violent felons. *Id.* at *3, *6, *14. Accordingly, Alston's Second Amendment challenge fails under *Duarte*.

**AFFIRMED.**